IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SOLOMON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) CASE NO. 1:21-cv-21-2290 |
| | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff John Solomon, for his Complaint against Defendant United States Department of State (DOS or the State Department), states as follows:

## INTRODUCTION

1. The Freedom of Information Act (the FOIA), 5 U.S.C. § 552, enacted in 1966, provides the public with a right of access to federal agency records.

2. The people must know what the government is doing. "Open government has been recognized as the best insurance that government is being conducted in the public interest."[1] Our Founding Fathers' commitment to open government and the public's right to information can be seen in the First Amendment, which "protects not only the right of citizens to speak and publish, but also to receive information."[2] The FOIA is "an affirmative congressional effort to give

---

[1] *Am. Fed'n of Gov't Emp.'s v. Rosen*, 418 F. Supp. 205, 207 (N.D. Ill. 1976).
[2] *Providence Journal Co. v. FBI*, 460 F. Supp. 762, 776 (D.R.I. 1978) (overturned on other grounds).

meaningful content to constitutional freedom of expression." *See* S. Rep. No. 93-854, at 153-54 (May 16, 1974).

3. This is an action brought pursuant to the FOIA to compel the State Department to produce records responsive to an outstanding FOIA request submitted by Mr. Solomon on March 22, 2021.

4. In its FOIA request, John Solomon sought a letter sent from Assistant Secretary of State Victoria Nuland to Ukraine Prosecutor General Viktor Shokin that was delivered in Ukraine on or about June 11, 2015, by Ambassador Geoffrey Pyatt, as well as documents related to the transmission of the letter. Mr. Solomon provided a date range for the record search from May 1, 2015 to June 30, 2015.

5. Since the date the FOIA request was received, 112 days not including weekends and federal holidays have lapsed. The State Department has failed to meet the statutory deadline for its response in the form of a determination to the FOIA request dated March 22, 2021 and received by the State Department that same day, because it failed to respond within 30 days (not including weekends and federal holidays).[3] *See* 5 U.S.C. § 552(a)(6)(A)(i) (providing that the State Department has 20 days excluding weekends and federal holidays to provide a determination); *see also* 5 U.S.C. §552(a)(6)(B)(i) (allowing the State Department to request a ten day extension).

---

[3] The State Department's regulations state that the Department "has 20 working days in which to determine whether to comply with a perfected request[,]" and that "[r]egardless of which of the three offices authorized to receive FOIA requests receives the request (IPS, OIG, or PPT), the Department shall have no more than 10 working days to direct a request to the appropriate office (whether IPS, OIG, or PPT), at which time the 20-day limit for responding to the request will commence." 22 C.F.R. 171.11(e). Further, "[t]he 20-day period shall not be tolled by the Department" unless the State Department asks the requester to clarify the requested information or issues regarding fees. *Id*.

6.       Accordingly, Mr. Solomon files this lawsuit to compel the State Department to comply with the FOIA.

## **THE PARTIES**

7.       Plaintiff John Solomon is an award-winning investigative journalist. Currently a contributor on *Fox News*, Mr. Solomon has also served as executive vice president of digital video at *The Hill*, reported for *The Associated Press* for nearly 20 years, and was editor-in-chief of *The Washington Times*. As one of our country's most well respected investigative journalists, he is credited with exposing U.S. and FBI intelligence failures before the September 11, 2001 attacks on our country,[4] federal scientists' misuse of foster children and veterans in drug experiments,[5] and numerous cases of political corruption.[6] In 2017, Mr. Solomon, along with fellow journalist Sara Carter, exposed the government's unlawful surveillance of American citizens and abuse of

---

[4] John Solomon, *State FBI Memo Warned of Arabs Training at Flight Schools*, Ariz. Daily Sun (May 3, 2002), https://azdailysun.com/state-fbi-memo-warned-of-arabs-training-at-flight-schools/article_d9be3b2e-6897-57bb-94d2-9592304d7cc5.html.

[5] John Solomon, *Government Tested AIDS Drugs on Foster Kids*, NBCNews.com, (May 4, 2005) http://www.nbcnews.com/id/7736157/ns/health-aids/t/government-tested-aids-drugs-foster-kids/#.XOVwWIhKiUk; *Medical Experiments on Veterans*, C-SPAN (Jun. 17, 2008), https://www.c-span.org/video/?205567-6/medical-experiments-veterans.

[6] John Solomon and Laurel Adams, *Audit Says Legal Aid Boss Charged Taxpayers for Club, Car*, The Center for Public Integrity (Oct. 21, 2010), https://publicintegrity.org/accountability/audit-says-legal-aid-boss-charged-taxpayers-for-club-car/; John Solomon and Alison Spann, *FBI Uncovered Russian Bribery Plot Before Obama Administration Approved Controversial Nuclear Deal with Moscow*, The Hill (Oct. 17, 2017, 6:00 AM), https://thehill.com/policy/national-security/355749-fbi-uncovered-russian-bribery-plot-before-obama-administration; John Solomon, *New Details of Investigation of a Hotel Maid's Charge that She was Sexually Assaulted by IMF Chief*, The Center for Public Integrity (May 21, 2011), https://publicintegrity.org/accountability/new-details-of-investigation-of-a-hotel-maids-charge-that-she-was-sexually-assaulted-by-imf-chief/; John Solomon and Aaron Mehta, *Stimulating Hypocrisy: Scores of Recovery Act Opponents Sought Money out of Public View*, The Center for Public Integrity (Oct. 19, 2010), https://publicintegrity.org/federal-politics/stimulating-hypocrisy-scores-of-recovery-act-opponents-sought-money-out-of-public-view/.

the FISA application process.[7] Mr. Solomon has also reported extensively on the relationship between Blue Star Strategies, Burisma Holdings, and the State Department.[8] Thus, the State Department's withholding of the requested records constitutes a concrete and particularized injury in fact to Mr. Solomon and the American public he serves as a widely read and watched journalist.

8. Defendant State Department is a federal agency headquartered in Washington, D.C. On information and belief, Defendant has possession, custody, and control of the records to which the Mr. Solomon seeks access.

**JURISDICTION AND VENUE**

9. Mr. Solomon brings this lawsuit pursuant to the FOIA. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in District of Columbia, and 28 U.S.C. § 1331 because the resolution of disputes under the FOIA presents a federal question.

10. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

**FACTUAL BACKGROUND**

11. On March 22, 2021, Mr. Solomon submitted a FOIA request to the State Department (the FOIA Request).

---

[7] John Solomon and Sara Carter, *Obama Intel Agency Secretly Conducted Illegal Searches on Americans for Years* PopularResistance.org (May 27, 2017), https://popularresistance.org/obama-intel-agency-secretly-conducted-illegal-searches-on-americans-for-years/.

[8] John Solomon, *Joe Biden's 2020 Ukrainian Nightmare: A Closed Probe is Revived*, The Hill (Apr. 1, 2019), https://thehill.com/opinion/white-house/436816-joe-bidens-2020-ukrainian-nightmare-a-closed-probe-is-revived; John Solomon, *How the Obama Whitehouse Engaged Ukraine to Give Russia Collusion Narrative an Early Boost*, The Hill (Apr. 25, 2019), https://thehill.com/opinion/white-house/440730-how-the-obama-white-house-engaged-ukraine-to-give-russia-collusion.

12. In the FOIA Request, Mr. Solomon sought the following records:

> A letter sent from Assistant Secretary of State Victoria Nuland to Ukraine Prosecutor General Viktor Shokin that was delivered in Ukraine on or about June 11, 2015, by Ambassador Geoffrey Pyatt, as well as documents related to the transmission of the letter (Date Range for Record Search: From 5/1/2015 To 6/30/2015).

13. Mr. Solomon sought a waiver of search, review, and reproduction fees pursuant to the FOIA and State Department regulations because the information sought was in the public interest, was likely to contribute to public understanding of the operations and activities of government, and because Mr. Solomon is a representative of the news media and sought the information as part of a news gathering effort and not for commercial use.

14. Mr. Solomon also sought expedited processing.

15. In an email dated March 23, 2021, the State Department acknowledged its receipt of the FOIA Request on March 22, 2021 and assigned it tracking number F-2021-04113.

16. In the same email, the State Department stated that it granted Mr. Solomon's fee waiver request.

17. However, the State Department refused to grant Mr. Solomon's request for expedited processing, claiming that Mr. Solomon did not demonstrate a "compelling need"—that is, that the information was urgently needed to inform the public about actual or alleged federal government activity.

18. At the time of this Complaint, 112 days, excluding weekends and federal holidays, have now lapsed since the State Department received the FOIA Request on March 22, 2021.

19. As of the date of this Complaint, the State Department has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production, (ii) notify Mr. Solomon of the scope of any responsive records DOS intends to produce or withhold

and the reasons for any withholdings; or (iii) inform Mr. Solomon that he may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of the FOIA, 5 U.S.C. § 552)

20. Mr. Solomon realleges paragraphs 1 through 11 as if fully stated herein.

21. The State Department is in violation of the FOIA.

22. Mr. Solomon is being irreparably harmed by the State Department's violation of the FOIA and will continue to be irreparably harmed unless the State Department is compelled to comply with the FOIA.

23. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 22 C.F.R. 171.11(g), Mr. Solomon is deemed to have exhausted its administrative remedies with respect to the FOIA Request because the State Department was required to make a final determination of Mr. Solomon's FOIA Request within the time limits set by FOIA. Accordingly, DOS's determination was due by May 6, 2021 at the latest.

24. Because the State Department failed to make a final determination on Mr. Solomon's FOIA Request within the time limits set by the FOIA, Mr. Solomon is deemed to have exhausted his administrative appeal remedies.

## PRAYER FOR RELIEF

25. Enter an immediate order directing the State Department to preserve all records potentially responsive to Request No. F-2021-04113, and prohibiting the State Department, its employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said request;

26. Enter an order directing the State Department to conduct searches for any and all records responsive to the FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

27. Enter an order directing the State Department to produce, by a certain date, any and all non-exempt records responsive to the requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

28. Enter an order enjoining the State Department from continuing to withhold any and all non-exempt records response to the FOIA Request;

29. Award reasonable attorneys' fees, costs, and expenses; and

30. Grant any and all other relief as this Court deems just and proper.

Respectfully submitted this 30th day of August, 2021.

By: */s/ Brian R. Della Rocca*
Brian R. Della Rocca
D.C. Bar No. 503459
Compass Law Partners
51 Monroe Street, Suite 408
Rockville, Maryland 20850
Ph: (240) 454-1013
Fax: (301) 740-2297
bdellarocca@compass-law.com

Kimberly S. Hermann
Georgia Bar No. 646473
(*pro hac vice* pending)
Celia H. O'Leary
Georgia Bar No. 747472
(*pro hac vice* pending)
Southeastern Legal Foundation
560 W. Crossville Rd., Ste. 104
Roswell, GA 30075
Ph: (770) 977-2131

Fax: (770) 977-2134
khermann@southeasternlegal.org
coleary@southeasternlegal.org

*Attorneys for Plaintiff*